Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9381 | **DATE** | 11/3/2004 |
| **CASE TITLE** | Gregory vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV - 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | 2004 NOV -4 AM 8:13 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 9381 |
| ) | |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | RECEIVED |
| Defendant. ) | NOV - 4 2004 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff William Gregory's ("Gregory") motion for summary judgment. This matter is also before the court on Defendant's motion for summary judgment. For the reasons stated below, we grant Defendant's motion for summary judgment and deny Gregory's motion for summary judgment.

## BACKGROUND

Gregory filed a claim for social security disability benefits and sought a hearing regarding the denial of the benefits. Gregory contends that in March of 1999, he became permanently disabled. Gregory claims that he suffers from
1



congestive heart failure and that his heart condition causes him to become easily fatigued and unable to work. Gregory also claims that he has diabetes and suffers from spondylolisthesis in the lower back with scoliosis. On February 2, 2002, the administrative law judge ("ALJ") ruled against Gregory. The ALJ concluded that although Gregory has severe impairments, Gregory has the residual functional capacity ("RFC") to perform limited light work. On October 24, 2003, the Appeals Council denied Gregory's request for a review. Gregory brought the instant action, seeking a review of the ALJ's decision.

## LEGAL STANDARD

A reviewing court will uphold an ALJ's decision if it is supported by "substantial evidence" in the record and the ALJ applied the correct legal standards. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The Seventh Circuit defines "[s]ubstantial evidence" as what a "reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When determining if substantial evidence exists, the court must review the record as a whole but is not allowed to substitute its judgment for the ALJ's by "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999). Deference should be given to an ALJ's determinations relating to credibility and should be reversed only if the determinations are "patently wrong." *Powers v. Apfel*, 207 F.3d

431, 435 (7th Cir. 2000)(quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)). By contrast, the ALJ's legal conclusions are reviewed de novo. *Nelson v. Bowen*, 855 F.2d 503, 506 (7th Cir. 1988); *Aidinovski v. Apfel*, 27 F.Supp.2d 1097, 1101 (N.D. Ill. 1998). However, an ALJ must provide some explanation that would allow the parties to understand his reasoning for his decision. *See Clifford*, 227 F.3d at 872 (stating that "[w]hile the ALJ is not required to address every piece of evidence, he must articulate some legitimate reason for his decision. . . [and] he must build an accurate and logical bridge from the evidence to his conclusion."). Further, in reviewing the decision, the court must confine its review to the explanation and reasoning given by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

## DISCUSSION

Gregory argues that the ALJ erred in finding that Gregory retains the RFC to perform light work because the ALJ did not properly consider the opinion of Gregory's treating physician and because the ALJ improperly concluded that Gregory's testimony was not credible.

The Commissioner of the Social Security Administration employs a five-step analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f); *Rice v. Barnhart*, 384 F.3d 363, 365 (7th Cir. 2004). In the first two steps the ALJ determines "whether a claimant is not presently working, and second, whether the complained of impairment(s) are of the required duration and

significantly limit the claimant's ability to work." *Id.*; 20 C.F.R. §§ 404.1520(a)-(c), 416.920(a)-(c). In step three the ALJ compares evidence of impairments with "a list of impairments presumed severe enough to preclude any gainful work." *Rice*, 384 F.3d at 365; 20 C.F.R. pt. 404, subpt. P, App. 1. If the claimant's impairment "meets or equals one of the listed impairments, the claimant qualifies for benefits and no further inquiry is necessary." *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(d), 416.920(d). However, if the claimant's impairment is not sufficient under step three, the court proceeds on to steps four and five. *Rice*, 384 F.3d at 365. In the fourth step of the analysis, the court determines whether the "claimant's residual functional capacity," which is defined as the tasks "a claimant can still do, despite his or her limitations," *Rice*, 384 F.3d at 365; 20 C.F.R. § 404.1545(a), "will allow the claimant to pursue her past work." *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant's impairment "precludes the performance of past work, the claimant's RFC, age, education, and work experience are considered to determine if other work exists that would accommodate the claimant. *Rice*, 384 F.3d at 365; 20 C.F.R. §§ 404.1520(f), 416.920(f).

### I. Opinion of Treating Physician

Gregory argues that the ALJ erred in not adopting the opinion of Dr. Nicholas Bellios ("Bellios"), the treating physician. Bellios concluded that Gregory was completely disabled. A treating physician's opinion is generally "give[n] more

weight" than non-treating physicians. 20 C.F.R. § 404.1527(d)(1). If the treating physician's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record" the ALJ should "give it controlling weight." 20 C.F.R. § 404.1527(d)(2); *See also Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)(stating that an ALJ may "reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."). This rule only applies "where a treating physician's opinion was disregarded in favor of the opinion of a consulting physician," and does not apply when the "examining physician's opinion was contradicted by several other examining and non-examining physicians' opinions." *Young v. Barnhart*, 362 F.3d 995, 1001-02 (7th Cir. 2004). Also, if the treating physician for some reason, such as an absence from his practice, is not able to provide a more insightful and detailed opinion based on his personal examination of the patient, then the treating physician's opinion is not entitled to more weight. *Scheck v. Barnhart*, 357 F.3d 697, 702-03 (7th Cir. 2004).

In the instant action the ALJ did not neglect to accord the proper weight to Bellios' opinion. The ALJ specifically noted that generally the opinions of non-examining physicians do not "deserve as much weight as those of treating physicians. . . ." (AR 16). The ALJ continued on to state that such weight is accorded to the treating physician's opinion as long as it is not inconsistent with the

other evidence. (AR 16). When addressing the opinion of Bellios the ALJ noted that portions of Bellios' own reports indicated that Gregory was not completely disabled and unable to perform light work, and the ALJ found that Bellios' opinion was not supported by the evidence and that Bellios' opinion conflicted with other evidence in the administrative record. The ALJ stated that Bellios' "own treatment notes do not indicate findings that would support" his ultimate conclusion of complete disability. (AR 16). The ALJ also pointed out that although Bellios indicates that Gregory has certain physical restrictions, Gregory himself admitted to engaging in "numerous activities that are greater than the doctor's limitations." (AR 16). In addition, the ALJ noted that although Bellios indicated that Gregory had certain restrictions, "there were no such restrictive opinions from the cardiologist." The ALJ also relied upon the opinions of the state agency physicians that indicated that Bellios could perform light work. The ALJ noted that the opinions of the state agency physicians were entitled to considerable weight because they were consistent with the majority of the other evidence in the record. (AR 16). W cannot find that the ALJ erred in regards to any of its findings pertaining to Bellios' opinion and we shall provide some examples of the basis for our conclusion. For instance, on May 10, 1999, Bellios received a letter from Dr. Russell C. Dabrowski ("Dabrowski"), a physician that examined Gregory. (AR 205). In the letter, Dabrowski states that Gregory had undergone surgery in March of 1999, and that an "[e]xamination shows the patient to appear well." (AR 205). Dabrowski further explains the

improvements in Gregory's condition. *Id.*

Gregory argues that the ALJ erred in failing to address Dr. Karen A. Leone's ("Leone") diagnosis of atrial fibrillation. Although an ALJ cannot "ignore an entire line of evidence that is contrary to the ruling," an ALJ does not have the burden of "discuss[ing] every piece of evidence in the record." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). In the instant action, the ALJ discussed Gregory's heart condition and the diagnosis was considered by the other state agency physicians. Gregory points to a report of an examination made by Dr. Leone on October 28, 2000, in which Leone states that there were irregularities in Gregory's heart beat. (AR 304-05). Leone also indicated in the report that Gregory was "in no acute distress," was "alert" and "responded appropriately to questions," that Gregory "could dress/undress himself and get on/off the examination table, unassisted," and that he "ambulated 100' with a normal gait, without assisting device." (AR 304). Leone also indicated that Gregory's lungs were clear, "[t]here was a full range of motion of all the joints," and although Leone commented on minor tenderness in regards to certain joints, he did not indicate any significant symptoms or limitations. *Id.* Leone reported that "[t]here was a full range of motion of the cervical spine without tenderness," and stated that there was only "tenderness to palpitation over the lower lumbar vertebrae, with mild muscle spasm present." *Id.* The ALJ also specifically mentioned that Gregory "had an abnormal EKG with abnormal clinical findings in October 2000." (AR 14). The ALJ also specifically refers to the report

several times in his decision thus providing further indication that he did not fail to consider Leone's findings. (AR 14, 15). The ALJ extensively addressed Gregory's heart condition in his ruling. The ALJ did not ignore an entire line of evidence in Gregory's case as Gregory alleges, and Gregory's attempt to pick out one finding in one of many medical reports that was not specifically referred to by the ALJ is unpersuasive.

## II. Credibility of Gregory

Gregory also argues that the ALJ erred in finding that Gregory's testimony regarding his symptoms was not credible. An ALJ's credibility determination is entitled to substantial deference and "there has developed a firm and tenable rule of law 'that an ALJ's credibility determination will not be disturbed unless it is "patently wrong."'" *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004)(quoting *Cannon v. Apfel*, 213 F.3d 970, 977 (7th Cir. 2000)). According to Gregory, the ALJ improperly relied on testimony by Gregory indicating that he could perform tasks such as cooking, cleaning, grocery shopping, changing sheets, and mowing the lawn. Gregory argues that although he stated that he could perform the tasks, the ALJ failed to take into consideration Gregory's additional testimony that he was only able to perform the tasks to a limited extent. Gregory also criticizes the ALJ for relying on the fact that Gregory was employed by a landscaping business. Gregory contends that the ALJ failed to consider the fact that the activity

was limited to one or two days a week and was only for three months.

The ALJ had ample support to conclude that Gregory's testimony was not credible. For instance, the ALJ considered the fact that the various medical reports and tests indicated that Gregory's condition has improved and that his alleged symptoms of fatigue are not as severe as Gregory claims. The ALJ considered the fact that the record indicated that the surgeries performed on Gregory were successful and alleviated some of his problems and that the record reflected that the surgeries and medication alleviated his symptoms and Gregory no longer sought frequent medical treatment. The ALJ considered the above-mentioned daily tasks such as cooking and cleaning and there is no indication from his decision that he failed to take into consideration the limited extent that Gregory engaged in such tasks. The performance of the tasks, even for a limited period, is evidence of Gregory's ability to live alone and maintain his household and evidence that he is capable of performing sedentary work. Likewise, although Gregory's landscaping work was not full time, it is still evidence that Gregory's alleged symptoms were not as severe as he claims and that he is capable of performing sedentary work. The ALJ specifically acknowledged, in his ruling, that the landscaping work was one or two days a week for one or two hours a day. (AR 15). Gregory also criticizes the ALJ for stating that Gregory "frequently" drove to his sister's house in Kenosha. Gregory claims that he only drove to his sister's house a few times. Such a distinction is insufficient to warrant a finding in favor of Gregory in regards to the

instant motion.

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment and deny Gregory's motion for summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 3, 2004